**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **RICHARD W. PORTER, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | **NO. 23-40149-DHH** |
| ) | |
| **DAVID ST. ONGE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT & RECOMMENDATION

### January 25, 2024

**Hennessy, M.J.**

*Pro se* Plaintiff Richard W. Porter, Jr. brings this action against Defendants David and

Carole St. Onge, who reside in New Hampshire.  Plaintiff is confined at the Worcester Recovery

Center and Hospital.  For the reasons stated below, the Court RECOMMENDS that this action

be DISMISSED for improper venue.

**I.      Factual Background**

Plaintiff claims that Defendants unlawfully occupy property located at 355 Deerfield

Road in Allenstown, New Hampshire.  Dkt. No. 1.  Plaintiff alleges that he owns and has owned

the property since 2016.[1]  *Id.*  Plaintiff represents that he mailed Defendants a copy of the

property deed identifying himself as the owner and asking them to move out.  *Id.*  He states that

Defendants then called the police, and that he later received a letter from police regarding the

matter.  *Id.*  He is seeking an order of eviction and a judgment of back rent of $3200 per month

since May 2018.  *Id.*

---

[1] Plaintiff incorrectly spells the town as "Alenstown" in his Complaint.  Dkt. No. 1.

Plaintiff has filed another action in this Court in which he alleges that Defendants are wrongfully occupying the Deerfield Road property. *See Porter v. D + C Revocable Family Trust*, C.A. No. 23-40170-MRG.[2] In addition, between October 3, 2023, and December 20, 2023, Plaintiff filed seven other lawsuits in this Court in which he claims that individuals are unlawfully occupying properties of which he is the true owner. *See Porter v. Morino*, C.A. 23-40133-MRG (concerning 16 Babson St., Wakefield, MA and 9 Brentwood Rd., North Reading, MA); *Porter v. Candia Police Dep't*, C.A. 23-40143-MRG (concerning 564 Old Candia Rd., Candia, NH); *Porter v. Thompson*, C.A. 23-40148-MRG (same); *Axcella Building Realty Trust v. Thompson*, C.A. 23-40151-MRG (same); *Porter v Candia Police*, C.A. 23-40152-MRG (same); *Porter v. State of New Hampshire*, C.A. No. 23-40157-MRG (same); *Porter v. Commonwealth*, C.A. 23-40179-MRG (concerning 31 Winston Ave., Wilmington, MA).

Notably, Plaintiff has alleged that in 2017, upon the application of Nancy Morino (who resides at a Massachusetts property which is the subject of one of Plaintiff's lawsuits), the Malden District Court issued a harassment prevention order against a person named "Robert Porter," but that Plaintiff has been wrongfully committed for psychiatric treatment based on Morino's false accusations that Plaintiff violated this abuse prevention order. *See, e.g.*, *Porter v. Commonwealth*, C.A. No. 23-40084-MRG.

Further, on April 17, 2017, after dismissal of his bankruptcy action in the Bankruptcy Court of the District of Massachusetts, Plaintiff filed documents in the closed action in which he sought eviction of individuals living in other New Hampshire properties which he claimed to own. *See In re Porter*, Bankr. No. 17-10977 (Bankr. D. Mass.) (Dkt. No. 19) (referring to 6

---

[2] The Court takes judicial notice of documents Porter has filed in other proceedings. *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

Mallard Ln., Londonderry, NH; 38 Ritar Cir. Rd., Northwood, NH; and 3 Longre Rd., Merrimack, NH).

## II.   Discussion

The District of Massachusetts is not the proper venue for this action.[3]  The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts."  28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case.  "In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial."  *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) (emphasis added). The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[3] This action may also be frivolous.  A federal district court has inherent power to dismiss a frivolous action.  *See, e.g.*, *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Budnick v. Doe*, No. 14-1560, 2015 WL 13928988, at *1 (1st Cir. Jan. 6, 2015); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985)).  As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff.  Rather, in legal parlance, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

As a whole, the instant one-page, hand-written, bare bones complaint fails to provide an arguable legal or factual basis for this suit.  Among other things, the Complaint alleges that the Deerfield Road property was broken into and sold to Defendants, all while Plaintiff had a lawful deed on record; but Plaintiff does not provide the deed or name the parties involved in the alleged burglary.  Plaintiff also alludes to the fact that he has been subject to property tax on the property despite not living at the property, but similarly provides no proof of improper imposition of property taxes.  To the contrary, in a motion filed by Plaintiff in another lawsuit, Plaintiff attests that he doesn't own any real estate or financial instrument of value and that he is not subject to any monthly expenses, including property taxes. *See Porter v. Commonwealth of Massachusetts et al.*, 4:23-cv-41079-DHH (Dkt. No. 4).  The vagueness of Plaintiff's allegations coupled with his litigation history suggest the frivolity of this suit.  Nevertheless, the Court need not dismiss this action as frivolous, as venue is improper.

28 U.S.C. § 1391(b).

The court may dismiss an action *sua sponte* for improper venue after screening pursuant to 28 U.S.C. § 1915(e)(2) when it is "obvious from the face of the complaint and no further factual record is required" to determine that venue is improper. *See, e.g.*, *Cox v. Rushie*, No. 12-cv-11308-PBS, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)) (dismissing Plaintiff's complaint for improper venue after § 1915(e)(2) screening); *DeBarros v. Frank*, No. 20-cv-260, 2020 WL 5570005, at *8-9 (D.R.I. Sept. 17, 2020) (same).

The District of Massachusetts is not the proper venue for Plaintiff's claim concerning an alleged interest in real property located in New Hampshire.  Subsection (1) of the above statute is inapplicable because there is no allegation that all Defendants reside in Massachusetts.  To the contrary, the Complaint alleges they reside in New Hampshire.  Dkt. No. 1.  Subsection (2) does not support venue in this Court because the property is situated in New Hampshire and the events giving rise to Plaintiff's claims did not occur in Massachusetts.  Because venue exists in the District of New Hampshire (the site of the property), subsection (3) is irrelevant; further, nothing in the Complaint suggests that this Court could exercise personal jurisdiction over any defendant.

## III.    Conclusion

For the reasons set forth above, the Court RECOMMENDS this action be DISMISSED

for improper venue.[4]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[4] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections.  The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  *See, e.g.*, *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).